ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LUZ E. RODRÍGUEZ RIVERA<br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE EDUCACIÓN<br>PATRONO<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>ASEGURADOR-RECURRIDO | KLRA202500076 | Revisión Administrativa procedente de la Comisión Industrial de Puerto Rico<br><br>Caso CI: 15-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-01<br>Caso CFSE: 15-15-13665-0<br><br>Sobre: Incapacidad Total (Factor Socioeconómico) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Comparece ante esta Curia, Luz E. Rodríguez Rivera (recurrente) y solicita que revisemos la *Resolución* que notificó la Comisión Industrial de Puerto Rico (Comisión Industrial o agencia), el 17 de septiembre de 2024.[1] En ella, la Comisión Industrial ordenó el archivo del recurso apelativo de la recurrente.

Adelantamos que, examinado el recurso, resolvemos ordenar su desestimación por falta de jurisdicción. Veamos.

**I.**

Surge del expediente que, el día de los sucesos, la recurrente se encontraba laborando "con unos expedientes de educación especial en la computadora, la silla se rodó y se cayó al suelo dándose en la parte baja de la espalda (ca[y]ó sentada).[2] Resultado de lo antes, recibió tratamiento médico ante la Corporación del Fondo del Seguro del Estado (CFSE) y luego de los trámites de rigor,

---

[1] Apéndice, págs. 42-53.
[2] Apéndice, pág. 35.

Número Identificador

SEN2025_____

le fue reconocida una incapacidad de 22% de las funciones fisiológicas generales. Sin embargo, el 9 de abril de 2021, el Administrador de la CFSE (Administrador) notificó su *Decisión del Administrador sobre: Incapacidad Total por Factores Socio Económicos,* en la cual recomendó denegar a la recurrente la incapacidad total y permanente por factores socioeconómicos.[3] Lo antes, por entender que las condiciones compensadas eran justas y razonables.

Al cabo de varios trámites procesales y celebrada la vista pública ante la Comisión Industrial, la agencia notificó el dictamen recurrido mediante el cual confirmó la determinación del Administrador. Allí hizo constar que, la recurrente "no tiene derecho a recibir los beneficios establecidos en la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 LPRA sec. 1 *et seq* […]." De conformidad, ordenó el archivo de su recurso apelativo ante la agencia.

Inconforme, el 2 de octubre de 2024, la recurrente instó un petitorio de reconsideración en el cual aseguró cumplir con los criterios que establece la Ley Núm. 45, *supra,* por lo cual, reiteró su solicitud de incapacidad total y permanente.[4]

Evaluado lo antes, la Comisión Industrial acogió la *Moción de Reconsideración* de la recurrente mediante una resolución intitulada *Notificación acogiendo moción para reconsideración y orden,* notificada el 7 de octubre de 2024.[5] El 28 de octubre de 2024, la CFSE se opuso a lo antes y, entre otros argumentos, expuso que el accidente que sufrió la recurrente no le impedía continuar trabajando. Añadió que, la recurrente optó por dejar de trabajar a pesar de tener 55 años, de ostentar un bachillerato y de existir

---

[3] Apéndice, págs. 35-36.
[4] Apéndice, págs. 54-62.
[5] Apéndice, pág. 63.

opciones que le permitían obtener una labor remunerativa con un acomodo razonable.

Ante la inacción de la agencia tras haber acogido el petitorio de reconsideración, la recurrente insta ante esta Curia el presente recurso de revisión y en él incluye los siguientes señalamientos:

> Incidió la Honorable Comisión Industrial al no reconocer la incapacidad total y permanente por la vía de factores socioeconómicos a la parte recurrente.

> Incidió la Honorable Comisión Industrial al no emitir determinaciones de hechos y conclusiones de derecho en la Resolución en controversia.

Hemos examinado con detenimiento el recurso y el apéndice sometido por la recurrente y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5). Resolvemos.

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia

de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* supra. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Allied Mgmt. Group v. Oriental Bank,* supra.

Como se sabe, el Art. 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, establece que el Tribunal de Apelaciones tendrá competencia para revisar las decisiones de las agencias administrativas. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020). A tenor con lo anterior, y en lo pertinente a la controversia ante nos, la Sección 3.15 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9655, dispone que:

> [l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. **Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la**

**expiración de dicho término de noventa (90) días** salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. [...] (Énfasis nuestro.)

Sobre los términos para instar un recurso de revisión ante este Tribunal, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, dispone que:

[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. [...]

Cabe puntualizar que, el derecho a revisar las decisiones de las agencias administrativas está sujeto a la oportuna presentación y a su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585 (2019).

### III.

Resulta primordial para esta Curia auscultar nuestra jurisdicción, previo a ejercer la función revisora que se nos delegó. Surge del expediente que, la Comisión Industrial notificó el dictamen impugnado el 17 de septiembre de 2024. En desacuerdo, la recurrente solicitó la reconsideración ante la agencia, el 2 de octubre de 2024. A pesar de que la Comisión Industrial acogió el referido petitorio de reconsideración, no tomó acción alguna sobre el mismo, dentro de los noventa (90) días contados a partir de su presentación el 2 de octubre de 2024, vencedero el 31 de diciembre de 2024.

Conforme a la Sección 3.15 de la LPAU, *supra*, si la agencia acoge la moción de reconsideración de una parte, pero no toma acción alguna sobre ella -dentro de los noventa (90) días de su presentación- pierde jurisdicción sobre la misma. Entiéndase que, una vez la Comisión Industrial decidió acoger el petitorio de la

recurrente, tenía noventa (90) días **desde que este fue presentado** para actuar sobre él. Así lo establece claramente la Sección 3.15, *supra,* cuando dispone que "[s]i la agencia acoge la moción de reconsideración, pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días **de ésta haber sido radicada**, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días [...]" (Énfasis nuestro).

Conforme a la normativa aplicable, el referido plazo no comenzó a partir de que la agencia notificó haber acogido el petitorio sino desde la presentación de la solicitud de reconsideración. J. Echevarría Vargas, *Derecho Administrativo Puertorriqueño,* 5ta ed., Ediciones SITUM, 2023, pág. 297. Lo antes, con el efecto de que, el término de treinta (30) días para solicitar la revisión judicial comenzó a contarse desde el 1 de enero de 2025, cuando expiraron los noventa (90) días que iniciaron el 2 de octubre de 2024. Por consiguiente, en ausencia de una prórroga de la agencia a esos efectos, la recurrente tenía hasta el 30 de enero de 2025 para instar su recurso de revisión ante esta Curia. Resulta tardía su presentación el 5 de febrero de 2025. En su consecuencia, procede la desestimación del recurso, según presentado.

### IV.

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón disiente al entender que los términos comenzaron a decursar una vez se le notificó a la parte la determinación de la agencia de acoger la moción de reconsideración. Por lo que entiende que el recurso instado está en término para atenderse.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones